UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY LYNN ELLISON,<br>Plaintiff,<br>v.<br>SOUTHWEST AIRLINES,<br>Defendant. | No. 2:26-cv-00404-JAM-CSK<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT** |

This matter is before the Court on Plaintiff's motion to "grant[] relief from the Judgment entered on June 2, 2026," by vacating its order dismissing this matter with prejudice and either ordering transfer to the Northern District of Georgia or amending the judgment to reflect an "order of dismissal [for] . . . lack of personal jurisdiction [is] without prejudice." See ECF No. 19 ("Mot."); ECF No. 27, Plaintiff's Reply in Support of Motion for Relief From Judgment ("Reply"). Defendant opposes Plaintiff's motion, arguing dismissal with prejudice was well within the Court's inherent powers and discretion, and relief is otherwise not warranted under Rule 60. See ECF No. 25 ("Opp'n"). For the reasons detailed below, Plaintiff's motion is granted in

part and denied in part.

## I. Background

Plaintiff filed her original complaint in February 2026; her claims stem from a layover in Atlanta during a February 2024 trip on Southwest Airlines during which Defendant's alleged "failure to provide prompt, safe, and dignified airport assistance to a passenger with a disability who requested wheelchair assistance for a connecting flight, and Southwest's abandonment of that passenger at a restroom during the connection window, [left Plaintiff] stranded, humiliated, and medically compromised." See ECF No. 1 ("Compl."), ¶ 1. Plaintiff's complaint did not include any other facts about her trip, including where she purchased her ticket or where she was traveling to and from. See Compl. Defendant then filed a Motion to Dismiss for Lack of Jurisdiction. ECF No. 2. The matter was fully briefed, and the Court held a hearing on May 19, 2026. See ECF Nos. 6, 8, 9, 14.

Ruling from the bench, the Court granted Defendant's Motion to Dismiss, finding there was no general nor specific personal jurisdiction. See ECF No. 29, Transcript of May 19, 2026, Hearing ("Tr."). The Court observed "[t]he only connection to the Eastern District of California [appeared to be] that Mr. Arrasmith's office is in the Eastern District of California," and that the Court has "never seen a complaint like this," because of the jurisdictional deficiencies. Id. Defendant advocated for dismissal with prejudice in its briefing, which the Court granted. Id.

Two orders to show cause have been issued in this case against Plaintiff's counsel, James Arrasmith, based on what

appeared to be misrepresentations to the Court. See ECF Nos. 10-17. Also, at the hearing, the Court questioned why Mr. Arrasmith filed his opposition brief two weeks late; Mr. Arrasmith responded: "Your Honor, you know, I -- fairly --you know, recently been retained as counsel, and trying to get up to speed," despite personally signing the Complaint and being listed as the attorney of record for the entirety of the case. See Tr. 2:14-22; 3:3-4:2; Compl.; Dkt.

Although Mr. Arrasmith did not object to the Court granting Defendant's Motion to Dismiss for Lack of Jurisdiction with prejudice at the May 19 hearing, he now moves the Court for relief from the judgment that was entered in accordance with the Court's bench order. See Tr.; Mot.; Reply.

## II. Opinion

Federal Rule of Civil Procedure 41, governing dismissals, provides involuntary dismissals "for lack of jurisdiction, improper venue, or failure to join a party []" are not deemed "an adjudication on the merits" unless otherwise specified by the Court. Fed. R. Civ. P. 41(b). Consistent with this principle, the case law provided by Plaintiff supports the finding that dismissal of the Complaint in this case for lack of jurisdiction should be without prejudice. For example, in Ruiz v. Snohomish County Public Utility District No. 1, 824 F.3d 1161 (9th Cir. 2016), the court differentiated between a dismissal for "lack of personal jurisdiction and [separately,] untimeliness," finding "a dismissal for want of personal jurisdiction is not a judgment 'on the merits' . . . ." 824 F.3d at 1164 (emphasis in original) (citing Restatement (Second) of Judgments § 20(1) (1982) ("A

personal judgment for the defendant, although valid and final, does not bar another action by the plaintiff on the same claim: (a) When the judgment is one of dismissal for lack of jurisdiction....” )) (other citations omitted). This is echoed in Freeman v. Oakland Unified School District, 179 F.3d 846 (9th Cir. 1999): “[W]e also hold that the district court lacks jurisdiction . . . . Accordingly, we order the district court to dismiss the claim without prejudice . . . . Dismissal for lack of jurisdiction ‘should be [] without prejudice so that a plaintiff may reassert his claims in a competent court.’” 179 F.3d at 847 (quoting Frigard v. United States, 862 F.2d 201, 204 (9th Cir. 1988)). Although Defendant defends the dismissal with prejudice, arguing it was within the Court’s discretion and supported by factors other than just a lack of jurisdiction, Defendant did not provide any authority supporting dismissal with prejudice when a Court finds a lack of subject matter jurisdiction. See Opp’n. The Court therefore finds the judgment entered on June 25, 2026, should be amended to reflect a dismissal without prejudice, as authorized by Federal Rule of Civil Procedure 60.

Plaintiff’s motion is otherwise denied. The Supreme Court has examined “the scope of the inherent power of the federal courts” on many occasions since its inception. See Chambers v. NASCO, Inc., 501 U.S. 32 (1991) (citing, e.g., United States v. Hudson, 7 Cranch 32 (1812); Anderson v. Dunn, 6 Wheat 204 (1821)). As argued by Defendant, transfer to another district is not warranted here. See Opp’n at 5. Plaintiff does not contest the merits of the Court’s dismissal order. See Mot; Reply. The

Court expressed its belief that Plaintiff's counsel may have "recognized" the jurisdictional deficiencies at the time he filed the Complaint, but at a minimum, Plaintiff's counsel was on notice as early as mid-March, when the defense requested a stipulation to transfer this matter, that the Northern District of Georgia was the proper forum for Plaintiff's lawsuit. See Tr.; Mot. at 8. Plaintiff's counsel was again apprised of this when Defendant filed its motion to dismiss in early April. At no point prior to the May 19 hearing did Plaintiff's counsel attempt to identify a proper venue for this case; even then, Plaintiff's counsel never identified in writing nor provided any other support or authority to substantiate an order transferring the matter to Georgia. See Tr.; ECF Nos. 8, 16. Accordingly, the Court denies Plaintiff's remaining requests for relief. See Chambers, 501 U.S. 32 (1991).

III. ORDER

For the reasons set forth above, the Court hereby Orders the Judgment, entered on June 2, 2026, be amended to reflect a dismissal without prejudice. Plaintiff's motion is otherwise DENIED.

IT IS SO ORDERED.

Dated: November 20, 2026

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE